IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

**Plaintiff,**

v.

DANIEL CORREA-MORALES,

**Defendant.**

CRIM. NO. 25-227 (RAM)

OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Daniel Correa-Morales' ("Defendant" or "Mr. Correa") *Motion to Suppress Evidence* ("*Motion*"). (Docket No. 48). For the reasons set forth below, the Court **DENIES** the *Motion*.

I.    PROCEDURAL BACKGROUND

On May 6, 2025, a federal *Complaint* was filed against Mr. Correa for possession with intent to distribute various controlled substances and possession of a firearm in furtherance of a drug trafficking crime. (Docket No. 1). On May 8, 2025, a grand jury returned a five-count *Indictment* charging Mr. Correa with: (i) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); (ii) possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (iii) possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1)

and (b)(1)(C); (iv) possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); and (v) possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Docket No. 8).

On November 26, 2025, Defendant filed the instant *Motion*, moving to suppress all physical evidence and statements resulting from an allegedly unconstitutional stop, seizure, search, and arrest by Puerto Rico Police Bureau ("PRPB") officers that underlies the federal *Complaint*. (Docket No. 48 at 1). Defendant argues that PRPB officers lacked reasonable suspicion and probable cause as to his arrest, given the existence of factual disputes concerning whether they actually observed a drug transaction; whether a firearm was in plain view; and, if it was visible, when it came into plain view. Id. at 3-8. Defendant requests an evidentiary hearing on his *Motion*. Id. at 8.

On December 31, 2025, the United States of America (the "Government") filed a *Response*. (Docket No. 57). The Government insists that PRPB officers had probable cause to arrest Defendant because they "reasonably believed that an illegal drug transaction happened in plain view in violation of the Puerto Rico Controlled Substance law." Id. at 4, 6. The Government argues that the subsequent search of Defendant's person and the three bags he carried occurred as legal, albeit warrantless, searches incident to an arrest. Id. at 6-9.

On January 16, 2026, Defendant filed his *Reply* to the Government's *Response*. (Docket No. 60). Therein, Defendant maintains that factual disputes exist and warrant the holding of an evidentiary hearing, chiefly because the credibility of PRPB officers' supposed vantage point is unclear and because there is ambiguity as to exactly when Defendant's firearm first came into the officers' view. Id.

## II.  LEGAL STANDARD

The Fourth Amendment establishes "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. amend. IV. The exclusionary rule makes the Fourth Amendment enforceable by prohibiting the fruits of an unreasonable search or seizure from being admitted at trial. United States v. Camacho, 661 F.3d 718, 724 (1st Cir. 2011); *see also* Wong Sun v. United States, 371 U.S. 471, 484-85 (1963) (discussing the "fruits" of unreasonable searches and seizures). When a defendant moves to suppress evidence under the Fourth Amendment, he has the burden of showing his Fourth Amendment rights were violated. United States v. Rheault, 561 F.3d 55, 58-59 (1st Cir. 2009) (citing Rakas v. Illinois, 439 U.S. 128, 130 n.1 (1978)).

There is "no presumptive right to an evidentiary hearing on a motion to suppress." United States v. Cintron, 724 F.3d 32, 36 (1st Cir. 2013). The decision to hold a hearing is left to the

court's discretion. *See* United States v. Flete-Garcia, 925 F.3d 17, 34 (1st Cir. 2019), *cert. denied*, 140 S. Ct. 388 (2019). It must be held only when a movant "makes a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on a paper record." United States v. Gordon, 871 F.3d 35, 50 (1st Cir. 2017) (quotation omitted). The movant must show that these factual disputes, "if resolved in his favor, would entitle him to the requested relief." Id. at 50 (quotation omitted).

### III. ANALYSIS

Defendant's rationale in asking this Court to suppress all physical evidence resulting from the stop, seizure, search, and arrest conducted by PRPB officers on May 5, 2025, has two principal strands. First, Defendant contends that PRPB officers did not have "reasonable suspicion" to conduct a *Terry* stop when they spotted him in front of a parking lot in the San Martin Public Housing Project and observed what they allege was a drug transaction. (Docket Nos. 48 at 4-5, 60 at 2-3). Second, Defendant contradicts PRPB officers' claim that the butt of his rifle would have been visible jutting out from his backpack when officers pursued him. (Docket Nos. 48 at 6-7, 60 at 3-4). Neither argument is sufficiently persuasive to require a suppression hearing.

As to the first strand, Defendant greatly undersells the suspicion of ongoing criminal activity evinced by the record.

Defendant does not meaningfully contradict, in either his sworn declaration or briefing, the PRPB officer's testimony that he witnessed Defendant engage in a hand-to-hand drug transaction from just thirty feet away. (Docket No. 57 at 2-3) ("PRPB agent Espinal...parked about thirty (30) feet from a known drug point... PRPB agent Espinal then observed [someone]...give money to [Defendant] who put it in his fanny pack. [Defendant] then opened the bag hanging from his forearm, took out a transparent Ziplock bag with multiple small transparent capsules with green caps containing what appeared to be white cocaine powder. [Defendant] then handed multiple capsules to the man...Based on his training and experience, officer Espinal saw an illegal drug transaction in plain view in violation of the Puerto Rico Controlled Substance law"). The most Defendant offers is that he "did not have a firearm or magazine on display, or any other controlled substances or contraband in plain view." (Docket No. 48-1). This rejoinder does not even purport to suggest that Defendant was not dealing drugs.

Under *Terry v. Ohio*, officers may detain an individual when they can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." 392 U.S. 1, 21 (1968). When those facts evince probable cause that a crime has been committed or is about to be, officers may arrest the individual. *See, e.g.*, Maryland v. Pringle, 540 U.S. 366, 370 (2003). In the First Circuit, an

officer's witnessing of what he reasonably believes to be a hand-to-hand drug exchange constitutes probable cause, even when the drugs are not visible and innocent interpretations for the witnessed conduct could exist. United States v. Flores, 888 F.3d 537, 544 (1st Cir. 2018).

Here, the Government credibly states that a PRPB officer was monitoring Defendant from just 30 feet away with a "clear visibility to the drug point" on which Defendant stood. (Docket No. 57 at 2). The officer then witnessed Defendant hand what appeared to be drug pills to another individual in exchange for cash. Id. at 2-3. Defendant fails to meaningfully contradict this account. (Docket No. 48-1). He points to a number of inconsistencies, all of which are immaterial. See (Docket Nos. 48 at 4-5, 60 at 2-3). Facts related to whether Defendant arranged the controlled substances in plain view; the officers' decision to monitor Defendant for a period of time before approaching him; and the allegation that the drug purchaser was not simultaneously pursued, have no bearing on PRPB officers' credible assertion that they witnessed a crime occurring in broad daylight. Hence, this paper record is sufficient to indicate that PRPB officers had reasonable suspicion to stop Defendant and probable cause to arrest him for a drug offense committed in their presence.

As to the second strand, whether (or when) PRPB officers first caught sight of the firearm Defendant carried is largely immaterial

to the instant *Motion*. Even crediting *arguendo* Defendant's account that there was no "firearm grip sticking out of any bags on [his] person," this Court's ruling above that PRPB officers had the reasonable suspicion and probable cause necessary to halt Defendant and then pursue him when he ran means that officers were entitled to conduct a warrantless search incident to arrest of Defendant's person and of his bags. United States v. Robinson, 414 U.S. 218, 224, (1973) ("[i]t is well settled that a search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment. This general exception has historically been formulated into two distinct propositions. The first is that a search may be made of the person of the arrestee by virtue of the lawful arrest. The second is that a search may be made of the area within the control of the arrestee").

Under Supreme Court and First Circuit precedent, the rule that officers may conduct a search incident to a lawful arrest extends to backpacks carried by an arrestee. *See, e.g.*, United States v. Perez, 113 F.4th 137, 139 (1st Cir. 2024) (affirming that a search of a backpack incident to an arrest is lawful under the Circuit's interpretation of Robinson); *see also* United States v. Eatherton, 519 F.2d 603 (1st Cir. 1975).

The Court does not reach the question of how visible the gun was at various stages of the police's pursuit of Defendant, because it does not need to--even assuming that the firearm was not visible

until after Defendant was subdued, the ensuing search of the bags on his person was lawful as a search incident to arrest.

Since Defendant has not shown that material facts are in dispute, an evidentiary hearing does not need to be held. Even where a defendant submits sworn statements, if the asserted inconsistences do not place a material Fourth Amendment fact in genuine dispute, the First Circuit does not require an evidentiary hearing. Cintron, 724 F.3d at 36.

### IV.   CONCLUSION

For the foregoing reasons, the Defendant's *Motion* is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of March 2026.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE